UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ENERGY ENHANCEMENT SYSTEM, LLC, a Nevada limited liability company,

Plaintiff,

v.

THE LIGHT SYSTEM, INC., a Connecticut corporation; JASON SHURKA, an individual; DOES 1-X; and ROE CORPORATIONS XI-XX,

Defendants.

Case No.: 3:26-cv-00163-MMD-CLB

ORDER

## I.    SUMMARY

In its First Amended Complaint, Plaintiff Energy Enhancement System, LLC ("EES") sued Defendants The Light System, Inc. ("Light System") and Jason Shurka alleging false advertising under the Lanham Ac, 15 U.S.C. § 1125(a)(1)(B), deceptive trade practices under Nevada law, and tortious interference with contractual relations arising from Defendants' promotion and sale of a competing product. (ECF No. 9 ("FAC").) Before the Court is Defendants' motion to dismiss the FAC, contending that this action is barred by the "first-to-file" rule and a lack of personal jurisdiction.[1] (ECF No. 13 ("Motion").) Plaintiff previously filed a motion for a preliminary injunction (ECF No. 10) and subsequently a motion to strike (ECF No. 33).[2] For the reasons discussed below, the Court will grant the Motion under the first-to-file rule.

///

///

[1]Plaintiff responded (ECF No. 28), and Defendants replied (ECF No. 31).

[2]Because the Court will grant the motion to dismiss (ECF No. 13), it will deny all other pending motions as moot.

## II.   BACKGROUND

The following facts are primarily adapted from the FAC (ECF No. 9).[3] This action arises out of a dispute involving the alleged false advertisement, promoting, and marketing of competing "wellness" technologies. (ECF No. 9 at 3.) Plaintiff is a Nevada-based limited liability company founded by Sandra Rose Michael and Michael Bertolacini. (*Id.* at 1, 4.) Plaintiff developed the Energy Enhancement System ("EESystem"), which is a wellness technology designed to enhance environmental conditions through the use of "bio-active energy fields" and specialized software configurations. (*Id.* at 4.) Plaintiff markets the EESystem as providing various health and wellness benefits (e.g., improved cell regeneration, immune function, and energy levels), and the system may be installed at meditation and wellness centers ("Centers"). (*Id.*) Defendant Light System is a Connecticut-based corporation that developed a competing product known as The Light System ("TLS"). (*Id.* at 2.) Defendant Jason Shurka is alleged to be Light System's "de facto spokesperson," responsible for advertising, promotional activities, and content generation related to TLS. (*Id.* at 2-3.)

Plaintiff alleges that Defendants engaged in a coordinated campaign to promote TLS as equivalent or superior to EESystem, including by representing that TLS is an "upgrade" to Plaintiff's technology and making other "materially false statements" regarding the competing products. (*Id.* at 3-4.) Plaintiff also challenges the "Find-A-Center" Feature referenced in connection with Defendants' online presence, alleging that it falsely identifies EES-affiliated wellness centers as TLS locations by linking users to a

---

[3]Defendants request that the Court take judicial notice of matters outside the pleadings by considering public filings in an active case in the Eighth Judicial District Court along with a printout from the State of Connecticut's webpage showing the date of organization of Light System. (ECF No. 13 at 2.) On a motion to dismiss under Rule 12(b)(6), the Court may consider materials "incorporated by reference" into the complaint and may take judicial notice of "matters of public record." *See Mack v. S. Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986); *see also United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("A court may…consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment."). Plaintiff does not dispute or otherwise challenge the exhibits submitted by Defendants. Accordingly, the Court takes judicial notice of the matters requested.

map of purported TLS centers, including locations such as the Reno Center, which is in fact a licensed user of the EESystem. (*Id.* at 8-9.) Plaintiff asserts that these actions, among others, contribute to consumer confusion regarding the source and affiliation of the competing technologies. (*Id.* at 3-4.) Plaintiff further alleges that Defendant Shurka "has undertaken a smear campaign to defame EES and induce its customers to cancel their contracts with EES," which led Plaintiff to file its initial action in Nevada state court. (*Id.* at 3.)

Plaintiff asserts three claims against Defendants, including: (1) false advertising under the Lanham Act, 15 U.S.C. § 1125(a)(1)(B); (2) deceptive trade practices under NRS Chapter 598; and (3) tortious interference with contractual relations. (*Id.* at 17-21.)

### A.   Procedural Background: The First-Filed and Subsequent Actions

On January 16, 2025, Plaintiff filed an earlier state court action in the Eighth Judicial District Court in Clark County, Nevada (Case No. A-25-910216-B) ("State Case") against Defendants Shurka, Robert Religa, UNIFYD World, Inc. ("World"), UNIFYD Healing, and UNIFYD TV, arising from similar alleged conduct, including statements concerning the relationship between the EESystem and the competing technology. (*Id.* at 3; *see also* ECF No. 13-1.) In the State Case, Plaintiff alleged that the named defendants launched Light System to create a "competing and infringing product…using the exact same technology as the EESystem," and, in a claim for trade name infringement, alleged that the defendants "implied that…they were essentially rebranding EESystem as The Light System." (ECF No. 13-1 at 27, 33.) Plaintiff further alleged that Shurka made defamatory public statements "aimed at harming EES and its business relationships" and announced that Light System would be selling a "new version of EESystem" at "nearly half the price." (*Id.* at 19, 21.)

Subsequently, on May 22, 2025, Defendant Light System and Religa filed an action in the Eastern District of New York (Case No. 2:25-cv-02856-JS-AYS) ("EDNY Case") against Plaintiffs EES, Michael, and Bertolacini, alleging copyright infringement related to

Religa's source code.[4] (*See* ECF No. 28 at 3, 5.) Both the State Case and the EDNY Case remain pending. (*See* ECF No. 13 at 1-2.) On October 17, 2025, Plaintiff filed the present action against Defendants Light System and Shurka (*see* ECF No. 1), and Defendants now contend that Plaintiff is engaging in "forum-shopping" by initiating this action while the State Case and the EDNY Case, both involving similar issues and parties, remain pending. (ECF No. 13 at 1.)

## III. DISCUSSION

Defendants seek dismissal of Plaintiff's claims under Federal Rules of Civil Procedure 12(b)(2)[5] and 12(b)(6)[6], arguing that this action is duplicative of earlier-filed proceedings and barred by the first-to-file rule. (ECF No. 13 at 5-7.) For the reasons discussed below, the Court agrees that the first-to-file rule applies and that dismissal is proper.[7]

Under the well-established first-to-file rule, a district court may "decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982) (internal citations omitted); *see also Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991). In applying the rule, courts are guided by policy considerations of "judicial economy, consistency, and comity." *See Kohn L. Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015) (internal citations

---

[4]While the parties assert that the New York federal action was filed on May 22, 2025, the Court notes that the Complaint is dated August 14th, 2025. (*See* ECF No. 28-1 at 31.)

[5]Under Fed. R. Civ. P. 12(b)(2), a defendant may move to dismiss a claim for lack of personal jurisdiction.

[6]*See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (holding that, to withstand a Rule 12(b)(6) challenge, a plaintiff must allege facts to "nudge[] their claims across the line from conceivable to plausible"); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (holding that a district court must accept as true all well-pled factual allegations in a complaint, while legal conclusions are not entitled to the assumption of truth).

[7]Because the Court agrees with Defendants that dismissal is proper under the first-to-file rule, the Court declines to address Defendants' remaining argument regarding a lack of personal jurisdiction over Defendant Light System. (*See* ECF No. 13 at 7-9.)

4

and quotations omitted). Courts generally consider three factors: "chronology of the lawsuits, similarity of the parties, and similarity of the issues." *Id.* If a district court finds that the rule applies, it may transfer, stay, or dismiss the later-filed action. *See Alltrade, Inc.*, 946 F.2d at 623.

The parties appear to agree that the first two factors weigh in favor of applying the rule. (*See* ECF No. 13 at 6; ECF No. 28 at 9-10.) As to chronology, the Court finds that both the State Case and the subsequent EDNY Case were filed before this case, which was initiated several months later. (*See* ECF No. 1.) As to similarity of the parties, identities need not be "exact," *see Kohn Law Grp., Inc.*, 787 F.3d at 1240 (citations omitted), and, here, the Court finds the parties are substantially similar: Plaintiff EES and Defendant Light System are parties to both this action and the EDNY Case, and Defendant Shurka is a party to both this action and the State Case.

Third, although Plaintiff attempts to argue otherwise (*see* ECF No. 28 at 9-10), the issues are substantially similar. To determine whether "substantially similar" issues are involved, courts assess whether there is "substantial overlap" between the suits. *See id.* at 1241 (finding issues in construction project owner's first-filed state court suit against general contractor and subcontractor to be "substantially similar" to issues in second action brought by law firm seeking to collect payment for general contractor); *see also Harris Cnty., Tex. v. CarMax Auto Superstores Inc.,* 177 F.3d 306, 319 (5th Cir. 1999). Here, Plaintiff's claims arise from many of the same core allegations at issue in the first-filed actions—namely, Defendants' public statements regarding the relationship between the competing products, alleged consumer confusion and rebranding, and interference with business relationships. (*See* ECF No. 13 at 6-7.) Moreover, although Plaintiff attempts to characterize the EDNY Case as a "separate" and "distinct" copyright dispute (ECF No. 28 at 9), that action involves the same underlying technologies and related conduct and, thus, similar issues are at play.

///

///

5

Accordingly, because this later-filed action involves substantially similar parties and issues, the Court concludes that application of the first-to-file rule is warranted, and dismissal is appropriate.

## IV.    CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion before the Court.

It is therefore ordered that Defendants' motion to dismiss (ECF No. 13) is granted.

It is further ordered that all pending motions (ECF Nos. 10, 33, 40, 41) are denied as moot.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 6th Day of April 2026.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE